Gerald Grunsfeld, Esq.
Lazar, Grunsfeld Elnadav, LLP
1795 Coney Island Avenue
Brooklyn, NY 11230
Telephone: (718) 947-7476
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R R A MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>MARVIN JEMAL, THE UNDERGROUND GROUP, LLC, IT'S USEFUL, LLC,<br><br>Defendants, | **COMPLAINT**<br>**Trial by Jury**<br>**Demanded** |

Plaintiff, R R A MANAGEMENT, LLC, ("RRA"), by its attorneys, as and for its Complaint against Defendants, alleges as follows:

## NATURE OF THE ACTION

1. In this action, Plaintiff seeks cancellation of the USEFUL trademark (Registration No. 4,634,396) ("the MARK") on various grounds, including the fraudulent registration of the MARK; and declaratory judgment that Defendants have no rights or ownership in the "USEFUL" trademark.

## THE PARTIES

2. Plaintiff, RRA, is a NEW YORK corporation located at 57 West 38th Street, Suite 402, NY, NY 10018.

3. RRA is owned by Isaac Ashkenazie. One of RRA's ventures is selling kitchenware and housewares, primarily on Amazon.com, under a D/B/A of J. Miles Co.

4. Defendant THE UNDERGROUND GROUP fraudulently listed itself as the owner of the USEFUL trademark, on the USEFUL trademark registration application.

5. Defendant Marvin Jemal ("Mr. Jemal") is a resident of Brooklyn, New York, and is the owner of THE UNDERGROUND GROUP and directed its illegal activities.

6. Defendant IT'S USEFUL, LLC, is a New York limited liability company maintaining its principal place of business at 1385 Broadway, New York, New York.

7. Upon information and belief IT'S USEFUL, LLC is owned by Mr. Jemal and/or one or more members of his immediate family.

8. THE UNDERGROUND GROUP (at the direction of Mr. Jemal) filed assignment documents with the USPTO such that IT'S USEFUL, LLC, is listed on the USPTO website as the current owner of the MARK.

## JURISDICTION AND VENUE

9. The action arises under the Lanham Trademark Act, 15 U.S.C. §1051 et seq. ("the Lanham Act"), and the common law of the State of New York. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

10. This Court has jurisdiction over Defendants because they are residents of New York.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

12. In March 2013, Abraham Ashkenazie, Isaac Ashkenazie, Elliot Ashkenazie, Marvin Jemal and Robert Grossman met to discuss forming a company that would sell kitchenware products.

13. In April 2013, the parties met with Josh White, owner of Off White Design.

14. Mr. White and his company provide branding and design consultation services.

15. At the meeting or shortly thereafter, Mr. White suggested the brand name USEFUL.

16. The members of USEFUL LLC (hereafter "the USEFUL LLC Members") agreed to adopt USEFUL as the brand name they would use, and decided to form a corporation called USEFUL HOME PRODUCTS, LLC, through which the products were to be marketed/sold.

17. The USEFUL LLC Members also agreed that their business model would be to try and secure large orders for their product at department stores, following which they would have the items manufactured and shipped to fulfill the order.

18. The USEFUL LLC Members also agreed that Isaac Ashkenzie could use the USEFUL brand name on products he would sell on Amazon.com under his J Miles and RRA businesses. The USEFUL LLC Members agreed that this would be an entirely independent venture, unconnected to the USEFUL HOME PRODUCTS, LLC venture.

19. In May 2013, the USEFUL LLC Members agreed that they should trademark the USEFUL brand, and it was agreed that as Mr. Jemal claimed prior experience with trademarks, he would handle the trademark application on behalf of USEFUL HOME PRODUCTS, LLC.

20. However, rather than registering the USEFUL mark under the ownership of USEFUL HOME PRODUCTS, LLC, in May 2013, Mr. Jemal instructed his attorney to apply for a trademark, listing the USEFUL mark under the ownership of his company-The Underground Group. The USEFUL LLC Members all believed that Mr. Jemal had registered the USEFUL mark as belonging to all five members of USEFUL LLC.

21. On July 19, 2013, RRA placed its first order for $43,000 worth of kitchenware products from a Hong Kong manufacturer, which, (using its D/B/A of JMILES), it began selling on Amazon.com under the USEFUL brand as of December 2013.

22. Although the USEFUL LLC Members agreed that they would each hold a 20% stake in USEFUL HOME PRODUCTS LLC, because some of the members wished to keep a low profile, the operating agreement dated August 15, 2013, listed the company as belonging to Cynthia, Elliot and Abraham Ashkenazie.

23. On August 23, 2013, Mr. Jemal forwarded an e-mail to the USEFUL LLC Members, from his attorney who was asking for information needed to respond to a USPTO request for additional information. In forwarding the e-mail, to the USEFUL LLC Members, Mr. Jemal wrote "lets do this correctly: this will be a very valuable trademark for generations to come".  This is one of numerous documents that prove that the MARK was supposed to be registered in the name of all five members of USEFUL LLC.

24. In February 2014, in order to try and convince the USPTO that USEFUL had acquired secondary meaning, Mr. Jemal asked Isaac Ashkenazie to provide him with a link to all of RRA/JMILES' listings of USEFUL products on Amazon.com.

25. On September 12, 2014, Defendants Mr. Jemal and the Underground Group, LLC filed an amendment to the trademark application, alleging actual use of the USEFUL mark in commerce. However, because the Underground Group had never used the USEFUL mark in commerce, Defendants provided the USPTO with screenshots of RRA/JMILES' Amazon.com listings of USEFUL products.

26. Ultimately, USEFUL HOME PRODUCTS, LLC never got off the ground, and one by one the individual members went their separate ways without the company having made a single sale of products under the USEFUL brand.

27. Although USEFUL HOME PRODUCTS LLC was never formally dissolved, the members, including Mr. Jemal, stopped all activity with respect to the company from around October 2014.

28. The only member who continued using the USEFUL brand between October 2014 and the present was Isaac Ashkenazie, who continued to very slowly but surely build up a brand recognition for the USEFUL name by selling kitchenware products, one piece at a time on Amazon.com under his RRA company, using a D/B/A of JMiles Co.

29. It was always understood and agreed to by and between the USEFUL LLC Members, that RRA's side venture selling USEFUL products on Amazon.com was unconnected to USEFUL LLC.

30. None of the other USEFUL LLC members, and certainly not Mr. Jemal contributed any time or capital towards RRA's USEFUL venture on Amazon.com.

31. None of the other USEFUL LLC members, and certainly not Mr. Jemal, expected that they had any ownership interest in RRA's USEFUL venture on Amazon.com.

32. Thus, when the other USEFUL LLC members abandoned the USEFUL trademark in late 2014, Mr. Ashkenazie/RRA became the sole owner of the USEFUL trademark, as he was the only person who had ever used the MARK, and he was the only person who was continuing to use the MARK.

33. Beginning in February 2017, after two and a half years of having nothing to do with the USEFUL mark, Mr. Jemal noticed that RRA had built up a profitable business selling USEFUL branded products on Amazon.com.  Mr. Jemal decided he wanted in again.

34. Mr. Jemal thus started contacting various members of the Ashkenazie family, arguing for the first time, despite the overwhelming documentary evidence to the contrary, that he was the true owner of the USEFUL mark.

35. It was at this time that Plaintiff discovered for the first time that Defendants had fraudulently registered the Mark in their own names.

36. Mr. Jemal also began contacting several of the manufacturers that Plaintiff has been working with for the last few years and told them not to work with Plaintiff anymore, telling them that he was the true owner of the USEFUL Mark.

37. Because of his checkered legal history, Mr. Jemal engineered a series of transfers and assignments of his purported ownership of the USEFUL trademark, such that the USPTO currently lists  IT'S USEFUL, LLC, as the owner of the MARK.

38. Upon information and belief, Mr. Jemal and/or his brother own IT'S USEFUL, LLC.

39. In January 2018, IT'S USEFUL, LLC's attorneys sent at least two cease and desist letters to Isaac Ashkenazie, the last of which threatened to file a trademark infringement

lawsuit against him unless he confirmed in writing by January 31, 2018, that he would stop using the USEFUL mark.

## **FIRST CLAIM FOR RELIEF**

*(Cancellation of Trademark* Registration No. 4,634,396 pursuant to *15 U.S.C. §§1064 and 1119)*

40. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Plaintiff has standing to bring this action because it will be damaged by the continued registration of this MARK.

42. Defendants Mr. Jemal and the Underground Group, LLC, deliberately and with fraudulent intent, made materially false statements on the application for the USEFUL mark.

43. Specifically, Defendants Mr. Jemal and the Underground Group, LLC, deliberately and with fraudulent intent, listed the owner on the application for the USEFUL trademark as the Underground Group, LLC, when the owner should have been listed as Abraham Ashkenazie, Isaac Ashkenazie, Elliot Ashkenazie, Marvin Jemal and Robert Grossman.

44. Furthermore, Defendants Mr. Jemal and the Underground Group, LLC, deliberately and with fraudulent intent filed a statement of actual use on September 12, 2014. The statement was fraudulent because the Underground Group, LLC had never used the USEFUL mark in commerce (only RRA/JMILES had).

45. As Defendants Mr. Jemal and the Underground Group, LLC deliberately defrauded the USPTO, the MARK should be cancelled.

46. The Mark should also be cancelled because Defendants Mr. Jemal and the Underground Group, LLC abandoned the MARK. Specifically from October 2014 until today, Defendants have not made the slightest effort to use the MARK, and until very recently, they also exhibited no interest in doing so. The two plus years that Defendants abandoned the MARK without exhibiting any interest in renewing their involvement with the MARK constituted legal abandonment of the MARK and thus the MARK should be cancelled.

47. The Mark should also be cancelled because to the extent Defendants will claim they gave Plaintiff a license to use the MARK, such a license would constitute naked licensing because Defendants exercised zero oversight over the MARK. In fact, for more than two years, Defendants had absolutely nothing to do with the MARK at all.

## SECOND CLAIM FOR RELIEF

*(Declaratory Judgment for Cancellation of Mark pursuant to 15 U.S.C. §§1051(a))* as the Underground Group, LLC was not the Owner of the Mark

48. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Despite its fraudulent assertion to the contrary, the Underground Group, LLC has never been the Owner of the Mark.

50. Because the Underground Group, LLC did not own the Mark, the application did not meet the requirement of 15 U.S.C. §§1051(a) which only allows the Mark owner or its agent to register the Mark.

51. As such, the subsequent transfers/assignments by Underground Group, LLC were null and void as it never owned the Mark in the first place to be able to transfer/assign the Mark.

52. Plaintiff therefore seeks declaratory judgment for cancellation of the USEFUL mark with Registration No. 4,634,396, on the grounds that the Mark did not meet the requirement that it be registered by its owner.

## THIRD CLAIM FOR RELIEF

(*Declaratory Judgment for Cancellation of Mark due to no Bona Fida Use in Commerce-15 U.S.C. §§1051(a))*

53. Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. On September 12, 2014, Defendants Mr. Jemal and the Underground Group, LLC filed an amendment to the trademark application, alleging actual use of the USEFUL mark in

commerce. However, as proof of the actual use, said Defendants provided the USPTO with screenshots of Plaintiff's Amazon.com listings of USEFUL products. Said screenshots actually depict that the listings were created and managed by JMILES and not by the Underground Group, LLC, which purported to be the owner of the MARK.

55.     In fact, the Underground Group, LLC has never used the USEFUL mark in commerce and its assertion to the contrary in its application was fraudulent.

56.     As Defendants have never used the Mark in commerce, and certainly had never used the mark in commerce as of September 12, 2014, this registration should be cancelled, pursuant to 15 U.S.C. §§1051(a).

57.     Plaintiff therefore seeks declaratory judgment for cancellation of the USEFUL mark with Registration No. 4,634,396, on the grounds that such mark did not meet the "use in commerce" requirement of 15 U.S.C. §§1051(a).

## FOURTH CLAIM FOR RELIEF

*(Civil Liability for False and/or Fraudulent Registration pursuant to 15 U.S.C. §§1120)*

58.     Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.     Defendants Mr. Jemal and the Underground Group, LLC, procured registration No. 4,634,396 through fraud and have used this fraudulent registration as their basis to send Plaintiff baseless cease and desist letters. Plaintiff has therefore been harmed and damaged in an amount to be proven at trial, including but not limited to, the attorneys' fees Plaintiff has had to incur responding to Defendants' baseless cease and desist letters.

60.     Because Plaintiff has incurred damages as a result of Defendants' fraudulent registration, it seeks damages, plus attorneys' fees.

## FIFTH CLAIM FOR RELIEF

(Attorneys fees pursuant to *15 U.S.C. §§1117(a)*)

61. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. Defendants Mr. Jemal and the Underground Group, LLC, procured registration No. 4,634,396 through fraud and have used this fraudulent registration as their basis to send Plaintiff baseless cease and desist letters.

63. As a result of Defendants' bad-faith conduct, this case falls within the exceptions set forth in *15 U.S.C. §§1117(a),* and Plaintiff is therefore entitled to an award of its attorneys' fees.

## SIXTH CLAIM FOR RELIEF

*(Tortious Interference with Plaintiff's Business Relationships)*

64. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. Plaintiff had a reasonable expectation of continued business with its manufacturers, many of which have been doing business with it for several years.

66. Defendants have interfered with Plaintiff's reasonable expectation of continued business using wrongful means, i.e., including by wrongfully telling them that Mr. Jemal/his companies are the rightful owner of the USEFUL mark.

67. Defendants' actions have caused or threaten to cause irreparable harm to Plaintiff, including but not limited to the injury to its goodwill, reputation, competitive advantage, revenues and profits which are impossible to accurately and fully calculate.

68. As such, Plaintiff is entitled to damages, in an amount to be determined at trial, including but not limited to Plaintiff's losses sustained as a result thereof, as well as attorney's fees and costs.

69. Plaintiff is also entitled to punitive damages in that the Defendants' conduct was willful, wanton and malicious.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Declaratory Judgment Ordering the cancellation of registration No. 4,634,396;

2. Declaratory Judgment Ordering that Defendants have no legal rights or interests in the USEFUL mark, whether under Federal law or under common law;

3. Damages in an amount still to be determined at trial;

4. Awarding Plaintiffs their costs in this action together with reasonable attorneys' fees and expenses as provided for by 15 U.S.C. §1117;

5. Enjoining Defendants from using the USEFUL mark;

6. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.


Dated: Brooklyn, New York
January 29, 2018

Lazar, Grunsfeld Elnadav, LLP


By: _____/GG/_____
Gerald Grunsfeld
Attorneys for Plaintiff
1795 Coney Island Avenue
Brooklyn, NY 11230
(718) 947-7476
Gerry@LGELaw.com