# ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.
## 875 THIRD AVENUE
## NEW YORK, NEW YORK 10022

(212) 603-6300

FAX (212) 956-2164

June 1, 2018

Nicholas M. Menasché<br>
212-603-6348<br>
nmm@robinsonbrog.com

**VIA ECF**

Judge Loretta A. Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312

          RE:    *R R A Management, LLC v. Marvin Jemal et al.*, No. 18-cv-00792

Dear Judge Preska:

      We represent It's Useful, LLC ("IU"), Lawrence Jemal, and Charles Gammal (collectively, the "IU Parties") in the above-referenced action (the "Action") and we write in response to the letter of plaintiff R R A Management, LLC ("RRA") dated May 30, 2018 [ECF No. 47]. While the IU Parties do not oppose, or take any position with respect to, RRA's request for a pre-motion conference concerning a motion for summary judgment against the counterclaims of defendants The Underground Group, LLC, Useful Enterprises, LLC ("UE"), and Marvin Jemal (collectively, the "MJ Defendants"), we must clarify the IU Parties' position concerning settlement and a couple of allegations raised in RRA's letter.

      First, while RRA's counsel is correct that RRA, Useful Home Products, LLC ("UHP"), and Isaac Ashkenazie have reached a settlement in principle with the IU Parties, any settlement is not just contingent on the MJ Defendants withdrawing their counterclaims. Certainly that is one component. Given the fact that these are confidential settlement discussions subject to Rule 408 of the Federal Rules of Evidence, however, we cannot comment further on the terms.

      Second, RRA's description of the underlying facts in the Action are merely allegations disputed by the IU Parties. It is IU's position, as alleged in its counterclaims, that IU holds all right, title, and interest to the Useful Mark (an affirmative representation made by UE and

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Honorable Loretta A. Preska, U.S.D.J.
June 1, 2018
Page 2

Marvin Jemal). Implicit in RRA's recitation of the facts, however, is that UE did not have the right to sell the Useful Mark to IU. We disagree. IU's contention is that it bought good title to the Useful Mark from UE and UHP was selling goods bearing the Useful Mark pursuant to a license from the MJ Defendants.

We thank the Court and are available at the Court's convenience if it wishes to discuss this further.

Respectfully submitted,

Nicholas M. Menasché

cc:   All Counsel (via ECF)

{00936892.DOCX;1 }